## Celia A. Trafton *vs.* James J. Downey *et ux.*

JUNE 26, 1930.

Present: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

Stearns, C. J. This cause is in this court on the appeal of respondents from a final decree of the Superior Court enjoining them from interfering with the free use by complainant of that part of Carrington avenue described in the bill of complaint.

The cause was heard upon bill, answer, replication and oral proof. The bill alleges that complainant is the owner of a certain lot of land in Providence bounded westerly by a street known as Carrington avenue; this street runs easterly from Hope street, a public highway, a distance of 300 feet to a "dead end" at the west line of complainant's lot; the doors of complainant's garage open outward onto Carrington avenue and the only way the garage can be reached from Hope street is over Carrington avenue; that complainant, her family and those having business with her have walked and driven over Carrington avenue in going to and from Hope street to her property for more than ten years, and for more than forty years owners and tenants of

land abutting on Carrington avenue and the public generally have used said avenue in vehicles and on foot in passing to and from the property bounding thereon.

In October, 1929, the respondents, despite complainant's protest, obstructed her use of Carrington avenue and of her garage by placing timbers, gravel and stones on said avenue.

The evidence establishes the allegations of the bill and these facts: In June, 1885, the owner of a certain tract of land, located about 300 feet east of Hope street and bounded on the south by Olney street, platted it into house lots and recorded the plat in the records of land evidence. On this plat is the delineation of a street, called Carrington avenue, about 50 feet wide, leading directly west from said platted land to Hope street; on the north and the south of Carrington avenue are two tracts of land designated as the "Crawford Allen Heirs Estate." There is nothing in the evidence to indicate by whom the land embraced within the limits of the avenue was owned.

Complainant's land is a part of lot No. 54 on said plat; in the rear it abuts on the east line of Carrington avenue, in front on Brenton avenue, a public highway running from Olney street northerly. In 1915, one Albert J. Bennett, the owner of lot No. 54 built thereon a dwelling house which fronted on Brenton avenue, and a garage in the rear on Carrington avenue. In 1918, complainant bought this property from Bennett and has since lived thereon. Between 1904 and 1929 (when this bill of complaint was filed) a number of dwelling houses were built on both sides of Carrington avenue and this avenue has been commonly used by the public. Bennett built a gate in his fence next his garage which has ever since been used as a means of access to complainant's premises. Bennett also built a sidewalk about 100 feet long and 3 feet wide from this gate on the south side of Carrington avenue.

Respondents' lot, which adjoins that of complainant, is on the south line of Carrington avenue. Neither the extent nor the source of respondents' title are disclosed in the evidence.

Carrington avenue has never been accepted or improved by the city; no grade for the sidewalks or the street has ever been established. In October, 1929, the respondents deposited dirt and stone on Carrington avenue in front of complainant's garage. Respondents claim a legal right to extend the sidewalk from their lot out into Carrington avenue, a distance of 10 feet and to raise the new sidewalk surface to a height which obstructs the use of complainant's garage. Respondents' attempt to support their claim of right to make these changes upon authority alleged to have been given to them by unnamed officials of the city of Providence.

Respondents answer, with the exception of a few unimportant admissions of fact, was a categorical denial of the allegations in the bill of complaint; no affirmative defense of any kind was alleged. The oath being waived by the bill, the answer has only the force of a plea in an action at law. *Harrington* v. *Harrington*, 15 R. I. 341; *Congdon* v. *Aylesworth*, 16 R. I. 281. The affirmative defense not having been disclosed in the pleadings was not admissible as a matter of right; the evidence was admitted *de bene*. But, disregarding this objection, the evidence of the alleged right is of no value.

It is admitted that this part of Carrington avenue is an unaccepted street. Without attempting to define the precise rights of the abutting owners in the street, it is sufficient now to state that the evidence proves that the public, by dedication or user, has acquired an interest in Carrington avenue for use as a highway or other public usage. General Laws, 1923, Chap. 95, Sec. 26. *State* v. *Coy*, 44 R. I. 357. The obstructions placed by the respondents in the public way created a public nuisance from which the complainant suffered a private and special injury different from that suffered by the public at large. Such being the case, she is not restricted to relief by action of the public authorities but is entitled to relief by her individual suit. *Sweet* v. *Conley*, 20 R. I. 381; *Clark* v. *Peckham*, 9 R. I. 455;

*Clark* v. *Peckham,* 10 R. I. 35; *Aldrich* v. *Howard,* 7 R. I. 199; *Steere* v. *Tucker,* 39 R. I. 531; Wood, Law of Nuisances, Sec. 674.

The appeal of the respondents is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*George F. Troy,* for complainant.

*George J. West, Edgar V. F. McCrillis,* for respondents.